**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
FEB 2 5 2005
U.S. DISTRICT COURT
FLINT, MICHIGAN

GREGORY TROTTER, #190039,

    Plaintiff,

Case No.: 04-CV-72673-DT

vs.

HON. ARTHUR J. TARNOW
MAG. JUDGE WALLACE CAPEL, JR.

DR. JEROME WISNESKI, et. al.,

    Defendant(s).

_____/

## REPORT AND RECOMMENDATION

**I.**     **INTRODUCTION**

Before the Court is "Defendants Dr. Royster and Dr. Antonini's Motion to Dismiss Under FRCP 12(b)(6) and 42 U.S.C. §1997e," filed September 7, 2004; "Defendants' Rule 12(6)(b) [sic] Motion for Dismissal for Failure to Demonstrate Exhaustion of All Available Administrative Remedies," filed September 23, 2004; "Defendants [sic] Dr. Wisneski's Motion for Summary Judgment Under Fed. Rule Civ. Pro. 56 and 42 U.S.C §1997e," filed October 13, 2004; and "Defendants Ribesky's, Hamilton's, and Fager's Rule 56(b) Motion for Summary Judgment," filed October 25, 2004.

**II.**     **STANDARD OF REVIEW**

The purpose of a motion under Rule 12(b)(6) is to test the sufficiency of the complaint. When considering a motion to dismiss pursuant to Rule 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded allegations in the

1

complaint as true. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974). Dismissal pursuant to a Rule 12(b)(6) motion is proper only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Bloch v. Ribar, 156 F.3d 673, 677 (6th Cir. 1998).

It must be mentioned that *pro se* complaints are to be construed liberally; however, a court is not required to accept a plaintiff's summary allegations or unwarranted legal conclusions in ruling on a motion to dismiss. Lillard v. Shelby County Bd. Of Educ., 76 F.3d 716, 726 (6th Cir. 1996). A complaint will not survive a Rule 12(b)(6) challenge unless it contains either direct or inferential allegations respecting all of the material elements necessary to sustain a recovery under a viable legal theory. Uttilla v. City of Memphis, 40 F.Supp.2d 968, 970 (W.D. Tenn. 1999)(quoting Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)). Lastly, the court is prohibited from acting as an advocate for *pro se* litigants. Berridge v. Heiser, 993 F.Supp. 1136, 1141 (S.D. Ohio 1997)(citing Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)).

Fed.R.Civ.P. 12(b)(6) states, "If on a motion [for judgment on the pleading] matters outside the pleadings are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56......"

Under Fed.R.Civ.P. 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." In essence, Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden

of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986). The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. Bender v. Southland Corp., 749 F.2d 1205, 1210-1211 (6th Cir. 1984). However, the court is not permitted to judge the evidence or make findings of fact. 60 Ivy Street Corporation v. Alexander, 822 F.2d 1432, 1435 (6th Cir. 1987).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. This burden may be discharged by showing there is an absence of evidence to support the nonmoving party's case. Celotex Corp., 477 U.S. at 325. Once the moving party discharges this burden, it then shifts to the nonmoving party to present specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e). To create a genuine issue of material fact, the nonmoving party must produce evidence sufficient to require submission of the issue to a jury. Lucas v. Leaseway Multi Transp. Serv. Inc., 738 F.Supp. 214, 217 (E.D. Mich, 1990).

### III. ANALYSIS

#### A. Dr. Royster and Dr. Antonini

Defendants argue that Plaintiff's Complaint should be dismissed because he failed to establish that he exhausted his administrative remedies prior to filing suit; and, because he failed to exhaust his administrative remedies as to all defendants.

Section 1197e(a) provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Under §1997e(a), a prisoner must exhaust all of his available administrative remedies before filing a §1983 action in federal court. Brown v. Toombs, 139 F.3d 1102, 1103-04 (6th Cir. 1998). Further,

3

the prisoner bears the burden of demonstrating that he has exhausted these remedies. Id. at 1104. Section 1997e(a) requires the prisoner to exhaust his administrative remedies prior to filing suit and therefore, he cannot exhaust these remedies during the pendency of the action. Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). Under the Prisoner Litigation Reform Act, exhaustion of available administrative remedies is a mandatory precondition to filing suit in federal court; Brown, 139 F.3d at 1104, and a prisoner may not amend his complaint to cure a failure to plead exhaustion. See Baxter v. Rose, 305 F.3d 486, 489 (6th Cir. 2002).

To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his §1983 complaint any decision demonstrating the administrative disposition of his claims or describe with specificity the administrative proceeding and its outcome. Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000), cert. denied, 531 U.S. 1040, 121 S.Ct. 634 (2000). "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under §1997e." Id.

Plaintiff failed to exhaust his administrative remedies prior to filing suit as to Dr. Antonini. By his own admission he did not consider the grievance process completed as to Dr. Antonini until July 24, 2004. Plaintiff filed this action on July 21, 2004. Plaintiff's claims against Dr. Antonini must be dismissed for failure to exhaust his administrative remedies prior to filing suit.

Documentation provided by Plaintiff does establish that he completed the grievance process prior to filing suit as to Dr. Royster. Defendant argues, however, that the Court should adopt the exhaustion rule and dismiss the Complaint because Plaintiff has not established that he exhausted his administrative remedies as to all of the Defendants. Defendant argues that the Eighth and Tenth Circuits are the only other federal circuits that have decided the issue, and they have applied the total

4

exhaustion rule in published opinions. See Graves v. Norris, 218 F.3d 884, 885-86 (8th Cir. 2000); Ross v. County of Bernalillo, 365 F.3d 1181, 1888-89 (10th Cir. 2004). Therefore, Defendants argue that this Court should also apply the total exhaustion rule. I disagree.

The Sixth Circuit does not have any published decisions which mandate the application of the total exhaustion rule, although they have suggested that it would be the "better practice" to apply the rule in an unpublished case. See Bomer v. Hakola, 84 Fed. Appx. 585, 587, 2003 WL 23139935 (6th Cir. 2003) (unpublished).

Defendant is incorrect in stating that the Eighth and Tenth Circuits are the only circuits to decide the issue in a published case. In Ortiz v. McBride, 380 F.3d 649 (2nd Cir. 004), the Second Circuit held that a mixed action asserting both exhausted and unexhausted claims was not required to be dismissed in its entirety.

None of these cases, of course, are binding on the Sixth Circuit; see Grove Press, Inc. v. Blackwell, 308 F.Supp 361, 373 (E.D. Mich. 1969) (finding that a circuit court's opinion only binds the courts within that particular circuit), they are only entitled to respect and provide guidance. The fact remains that this circuit and other circuits, as well as district courts are divided on the issue. In reviewing these cases I find the reasoning in Hubbard v. Thakur, 344 F.Supp.2d 549 (E.D. Mich. 2004) to be the most persuasive. In Hubbard, the court determined that "the PLRA's plain language, legislative history, and underlying policies do not mandate the adoption of the total exhaustion rule with respect to the disposition of prisoner civil rights cases. However, a court may apply such a rule in appropriate cases." Id. at 558-59.

The Court went on to state that

> [t]he factors the Court should consider in deciding appropriate remedial action include whether the exhausted claims are inextricably bound to the unexhausted claims so that adjudication of the former might result in a decision on the latter; whether the exhausted claims involve an incident that is separate and distinct from the unexhausted claims and are easily severable; the nature of the unexhausted claims and their centrality in the dispute; the tangential quality of the unexhausted claims in relation to the exhausted claims; where the unexhausted claims involve separate individuals, as they often do, whether presence of those defendants in the lawsuit is necessary or desirable for the complete adjudication of the matter; the merits of the unexhausted claim, that is, whether it is substantial or frivolous, fails to state a claim, or seeks money from a defendant who is immune from suit; and whether the plaintiff has acquiesced in the dismissal of the unexhausted claims.

Id. at 558.

On balance, the factors in this case weigh in favor of not applying the total exhaustion rule. Plaintiff's claim against Dr. Royster, therefore, should not be dismissed on that basis. Plaintiff's claims against Dr. Royster should, however, be dismissed for failure to state a claim upon which relief may be granted. See 42 U.S.C. 1997e(c)(1).

A plain reading of Plaintiff's Complaint and attachments reveals that Plaintiff has not been denied medical care. Medical care has been provided to Plaintiff for most of his alleged ailments, unless it was determined to be unnecessary, or the claimed medical ailment was determined by qualified medical personnel not to exist. Plaintiff's Eighth Amendment claim amounts to nothing more than a difference of opinion regarding the medical diagnosis and treatment he has been provided.

Prison officials may be sued for deliberate indifference to the serious medical needs of prisoners under the Eighth Amendment because such indifference constitutes the "unnecessary and wanton infliction of pain." See Estelle v. Gamble, 429 U.S. 97, 104, 104 S.Ct. 285 (1976) (citations omitted). The defendants conduct or lack of conduct must demonstrate a knowing indifference to

serious medical needs. See Hicks v. Frey, 992 F.2d 1450, 1454-57 (6th Cir. 1993). Deliberate indifference is the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. Farmer v. Brennan, 511 U.S. 825, 835-37, 114 S.Ct. 1970 (1994). Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim. Estelle, 429 U.S. at 106. Moreover, differences of opinion between a plaintiff and his doctor do not state an Eighth Amendment claim. Id. at 107; see also Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." Westlake, 537 F.2d at 860 n.5 (citations omitted).

Finally, in order to show a constitutional violation based on an alleged delay in treatment, a prisoner "must place verifying medical evidence in the record to establish the detrimental effect of the delay." Napier v. Madison County, Ky., 238 F.3d 739, 742 (6th Cir. 2001) (citation omitted).

**B.     Dr. Wisneski**

Dr. Wisneski argues that Plaintiff's Complaint should be dismissed because he failed to establish that he exhausted his administrative remedies as to all defendants. I have already discussed the reasons why the Court should not apply the total exhaustion rule and will not reiterate them again. Documentation provided by Plaintiff established that he completed one complete round of the grievance process prior to filing suit against Dr. Wisneski. See Thomas v. Woolum, 337 F.3d 720, 733 (6th Cir. 2003).

Defendant next argues that Plaintiff's Complaint should be dismissed for failure to state a claim. Defendant states that Plaintiff's claim fails because he has not established that he had a serious medical need. Defendant states that Plaintiff complains of rectal bleeding and hemorrhoids, but there is no medical evidence that he suffered from a condition that would cause further significant injury or was potentially life-threatening.

Defendant's argument is without merit. Plaintiff need not show that his condition could cause further injury or is life threatening. See Smith v. Carpenter, 316 F.3d 178, 188 (2nd Cir. 2003) ("actual physical injury is not necessary in order to demonstrate an Eighth Amendment violation"). Plaintiff's medical need is objectively serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Gaudreault v. Municipality of Salem, Mass., 923 F.2d 203, 208 (1st Cir. 1990) (citations omitted); Blackmore v. Kalamazoo County, 390 F.3d 890, 899 (6th Cir. 2004).

Defendant also argues that Plaintiff's claim should be dismissed because he failed to establish deliberate indifference on the part of Dr. Wisneski. I agree. Plaintiff's allegations against Dr. Wisneski are as follows:

> 16. On 08-28-03, the Plaintiff saw Dr. Wisneski at [Dwayne Waters Hospital] DWH. The plaintiff enunciated his concerns about undergoing and [sic] operation while in prison and asked about the possibilities of arranging other treatment options.
>
> 17. After speaking with a Health Unit Manager on 09-04-03, the plaintiff learned that Dr. Wisneski lied and stated that he had refused treatment, when was [sic] clearly not the case.

8

>   21. On 11-13-03, the plaintiff was saw [sic] at Dwane [sic] Waters Hospital for a colonoscopy and treatment of his hemorrhoids. As part of the latter, the plaintiff's hemorrhoids were deliberately inflamed. This, however, made doing the colonoscopy impossible, for when entry was attempted, he began to bleed profusely from the rectal area. The doctor attempting to do the colonsocopy said that the plaintiff would be scheduled for surgery on his hemorrhoids before a colonoscopy was attempted again.[1]

Dr. Wisneski's affidavit, and the medical records, establish that on August 28, 2003, Plaintiff was seen by Defendant, and that Dr. Wisneski offered to scope Plaintiff for his rectal bleeding/hemorrhoid problem, and that Plaintiff refused an examination because he claimed that "his brother died there post surgery."[2] Defendant's statement and medical records are consistent with Plaintiff's allegations in his grievance.

Plaintiff claims that he was told by Health Care Manager, Burdette, that Dr. Wisneski reported that he had refused treatment. Plaintiff claims that this statement is false and that he did want surgery. Plaintiff does not establish deliberate indifference on these facts. Dr. Wisneski offered to perform a medical procedure which Plaintiff refused. Furthermore, Plaintiff presents no information to establish that Dr. Wisneski was trying to prevent him from having surgery by claiming he refused treatment. Plaintiff only states that Dr. Wisneski stated that he refused treatment, i.e., the exam, which is true. Plaintiff does not claim that Dr. Wisneski claimed he did not want surgery, or take steps to prevent Plaintiff from having surgery.

In other words, Plaintiff only assumes that Dr. Wisneski's statement concerning refusal of treatment means surgery and not the colonoscopy. Plaintiff also claims that Dr. Wisneski

---

[1] Plaintiff's "New Complaint, Jury Trial Demanded," filed July 21, 2004.

[2] Defendant Dr. Wisneski's "Motion for Summary Judgment under Fed. Rule Civ. Pro. 56 and 42 U.S.C. § 1997e," filed October 13, 2004, Exhibit B.

9

deliberately inflamed his hemorrhoids during a colonoscopy, making the procedure impossible to perform. The Defendant's affidavit and medical records establish that Defendant attempted to do a colonoscopy but could not because of pain and bleeding. There is no evidence other than Plaitniff's unsubstantiated allegations to establish that his condition was deliberately inflamed.

Plaintiff has failed to allege sufficient material facts to support a finding that Dr. Wisneski was deliberately indifferent to his serious medical need. Plaintiff's claims against Dr. Wisneski, therefore, should be dismissed.

### C.     Ribesky, Hamilton, and Fager

Defendant Ribesky argues that Plaintiff's claims against him should be dismissed because Plaintiff's Complaint contains no substantive allegations of wrongdoing against him. Defendant argues that Plaintiff merely states in a conclusory fashion that Defendant failed to provide him with adequate medical services and ignored his repeated request for additional medical attention. Defendant claims that the complaint sets forth no factual averments demonstrating what Ribesky allegedly did to violate his federally secured rights.

A pro se pleading filed in a civil rights case is to be liberally construed and held to a "less stringent standard" than those drafted by lawyers. Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996) (citation omitted). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 726-27 (6th Cir. 1996). The complaint must "give the defendants 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Id. at 726.

Plaintiff's Complaint on its face fails to give the Defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests. When read, however, with the attachments, including Plaintiff's grievances, the Complaint is sufficient to give Defendant fair notice of those claims and the grounds upon which they rest. That does not mean, however, that Plaintiff's claims against Defendant should not be dismissed.

Plaintiff claims that Defendant made him go to the back of the medication line after he cut in front of other prisoners waiting for their medications. Plaintiff does not establish any deliberate indifference from this incident. In fact, his grievance establishes that corrections Officer Hamilton intervened during the conversation, told him to get his medication, and return to his unit. Plaintiff was not denied or even delayed in getting his medication.

Plaintiff also claims that Defendant failed to give him prompt medical treatment by not checking his condition after he returned from the colonoscopy. Plaintiff claims that he was bleeding and in pain, and that Defendant handed him his detail and ordered him to be at the medication line to get his medication.

Plaintiff's allegations, at most, constitute negligence or medical malpractice, which is insufficient to establish an Eighth Amendment claim. Farmer, 511 U.S. at 835-36. Plaintiff's claims against Defendant should be dismissed. Defendant Hamilton argues that Plaintiff's claim against him should be dismissed. I agree.

Plaintiff claims that Defendant mocked and humiliated him. Plaintiff fails to state a claim because he has no right to be free of verbal abuse. Ivey v. Wilson, 832 F.2d 950, 954-55 (6th Cir. 1987).

11

Plaintiff claims that Defendant issued a major misconduct charge against him on November 13 and 14 of 2003, after he attempted to get in front of other inmates in the medication line and refused a direct order to go to the end of the line. To state a First Amendment claim for retaliation, a Plaintiff must establish that: 1) he engaged in protected conduct; 2) he suffered an adverse action which would deter a person of ordinary firmness from continuing to engage in the protected conduct; and 3) the adverse action was motivate at least in part by the protected conduct. Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999) (citations omitted). "[I]f a prisoner violates a legitimate prison regulation, he is not engaged in 'protected conduct,' and cannot proceed beyond step one." Id. at 395.

In this case, Plaintiff was found guilty of the misconducts, and therefore, was not engaged in protected conduct. Defendant Fager claims that Plaintiff fails to establish a claim of deliberate indifference to his serious medical needs, and his claims should be dismissed. Again, I agree.

Plaintiff claims that Defendant made no attempt to obtain medical treatment for him after being advised of his bleeding hemorrhoids on November 11, 2003. Defendant Fager and Ribesky's affidavits both establish that Defendant or his subordinate officers contacted Health Service three times on November 11, 2003. Plaintiff fails to show the requisite deliberate indifference on the part of this Defendant in order to establish a cognizable Eighth Amendment claim.

Defendants claim that Plaintiff's request for monetary damages against Defendants is barred by Eleventh Amendment immunity. Defendants are correct. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984).

Defendant also claims that they are entitled to qualified immunity in their individual capacity because Plaintiff failed to establish that a constitutional violation has occurred. Defendant is correct. In determining whether the official is entitled to qualified immunity, the court follows a two-step inquiry. Saucier v. Katz, 533 U.S. 194, 201-02, 121 S.Ct. 2151 (2001). First, taken in the light most favorable to the plaintiff, the court decides whether the facts alleged show the official's conduct violated a constitutional right. Id. at 201. "If no constitutional right would have been violated were the plaintiff's allegations established, there is no need for further inquiry into immunity." S.A. Vakilian v. Shaw, 335 F.3d 509, 516 (6th Cir. 2003). Defendants are entitled to qualified immunity.

### D.     Exhaustion of All Available Administrative Remedies

Defendants Ribesky, Hamilton, and Fager claim that Plaintiff has failed to exhaust his administrative remedies as to all defendants, and request that the Court dismiss his Complaint pursuant to the total exhaustion rule. I need not address this issue again as I have already explained why the court should not apply the total exhaustion rule.

### IV.    CONCLUSION

For the reasons stated above, I respectfully recommend that Defendants' Motions be **GRANTED IN PART** and **DENIED IN PART** in a manner not inconsistent with this report.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. §636(b)(1), the parties are hereby notified that within ten days after being served with a copy of this recommendation they may serve and file specific, written objections to the proposed findings and recommendations. Further, either party may respond to another party's objections within ten days after being served with a copy thereof. The parties are further informed that failure to timely file objections may

13

constitute a waiver of any further right of appeal to the United States Court of Appeals. <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

In accordance with the provisions of Rule 6(b) of the Federal Rules of Civil Procedure, the Court, in its discretion, may enlarge the period of time in which to file objections to the report.

_____
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

Date: **FEB 25 2005**



**ORIGINAL**

**FILED**
FEB 2 5 2005
U.S. DISTRICT COURT
FLINT, MICHIGAN

## CERTIFICATION OF SERVICE

UNITED STATES OF AMERICA )
) ss   Case No.: 04-CV-72673–DT
EASTERN DISTRICT OF MICHIGAN )

I, the undersigned, hereby certify that I have on the 25th day of February 2005, mailed a copy of the "Report and Recommendation," in the foregoing cause, pursuant to Rule 77(Davenport), Fed.R.Civ.P., to the following:

Honorable Arthur J. Tarnow
United States District Judge
231 W. Lafayette, Room 124
Detroit, Michigan 48226

Gregory Trotter, #190039
G. Robert Cotton Corr. Facility
3510 N. Elm Street
Jackson, Michigan 49201-8877

Ronald W. Chapman
Kimberley A. Koester
40950 North Woodward, Suite 350
Bloomfield Hills, Michigan 48304

Office of Attorney General
Corrections Division
P. O. Box 30217
One Michigan Avenue Building
Lansing, Michigan 48909

Marsha Heinonen
Deputy Clerk